UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR GASPAR VARGAS VILLALON (A-244-179-325),

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-06494-DC-SCR (HC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS

(Doc. No. 9)

Petitioner, a federal immigration detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 8, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 9.) On September 10, 2026, Respondents filed objections, stating merely that "[i]n order not to waive the right to appeal, Respondent[s] generally object[] to the findings and recommendation[s] . . . for the reasons stated in [their] prior pleadings." (Doc. No. 10.) However, those arguments were already addressed by the magistrate judge in this case and the undersigned in other cases.

Specifically, the undersigned has found that the Due Process Clause requires that, in order

for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was "encountered at the Utah County Jail" and detained by immigration authorities seven days after Petitioner was arrested for driving under the influence. (Doc. Nos. 7-1 at 2; 7-5 at 4–6.) Thus, unlike in *Altin*, it appears that at the time of Petitioner's immigration detention, there may have been a non-pretextual changed circumstance that warranted revocation of Petitioner's prior release. This court has previously found that where it appears there may have been a non-pretextual change in circumstance warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this

violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 8, 2026 (Doc. No. 9), are ADOPTED IN PART;
2. Petitioner Victor Gaspar Vargas Villalon's (A-244-179-325) petition for a writ of habeas corpus (Doc. No. 1) is GRANTED, as follows;
   a. Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;
   b. Respondents are ORDERED to provide Petitioner with no fewer than seven (7) days' advance notice of the date and time of the scheduled bond hearing and allow Petitioner to have counsel present at the hearing should he so desire;
   c. If Respondents fail to comply with the above, Petitioner shall be immediately released from Respondents' custody; and
   d. Within seventeen (17) days of the date of entry of this order, Respondents are ORDERED to file a status report with this court certifying compliance with this order and attaching, as applicable, the immigration judge's order from the bond hearing;
3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and

/////

/////

/////

/////

4. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 17, 2026**

Dena Coggins
United States District Judge